IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Cr. No. C-02-141 (2) <br> Cr. No. C-04-378 |
| MARTINDALE F. McLYMONT, | § | |
| | | |
| MARTINDALE F. McLYMONT, <br>     Plaintiff, | § § § | |
| v. | § | Civil Action No. C-09-152 |
| UNITED STATES OF AMERICA, <br>     Defendant. | § § § § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR COPIES
ORDER OF REALIGNMENT OF PARTIES,
AND ORDER FOR COMPLIANCE WITH PLRA**

Martindale F. McLymont ("McLymont") has filed two *pro se* motions in both of the above criminal cases, which are pending before the Court and addressed herein. The first, received June 15, 2009, is a letter motion requesting copies of the indictments in his criminal cases, copies of an arrest report from his April 12, 2002 arrest and a copy of his "discovery." (Cr. No. C-02-141, D.E. 194 at 1; Cr. C-04-387, D.E. 57 at 1.). The second filing is titled as a "Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(e)," and was received by the Clerk on June 19, 2009. (Cr. No. C-02-141, D.E. 195; Cr. C-04-378, D.E. 58.) In this motion, McLymont alleges that certain property seized from him at the time of his arrest on April 12, 2002 has never been returned and was never the subject of forfeiture proceedings.

For the reasons set forth herein, McLymont's motion for copies is DENIED WITHOUT PREJUDICE. McLymont's motion seeking the return of property is hereby converted to a civil

action and assigned a civil case number. Additionally, McLymont must either pay the filing fee for the case or file an application to proceed *in forma pauperis*, in accord with the Prison Litigation Reform Act.

## I. BACKGROUND

On May 23, 2002, in Case No. C-02-141, McLymont was charged with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Cr. No. C-02-141(2), D.E. 1.) On March 11, 2004, McLymont was arrested on a federal warrant, and he was released on March 26, 2004, on a $30,000 surety bond.

He failed to appear for a final pretrial conference on June 30, 2004, and an arrest warrant was issued. (Cr. No. C-04-378, D.E. 15, Presentence Investigation Report ("PSR") at ¶¶ 2, 13.) On July 14, 2004, McLymont was indicted in Cr. No. C-04-378 for the failure to appear. (PSR at ¶ 13.) On November 8, 2005, he was arrested in Florida by U.S. Marshals on the failure to appear warrant.

On November 30, 2005, McLymont pleaded guilty to Count One of both indictments, without the benefit of a plea agreement. (PSR at ¶ 5.) He was sentenced by this Court to 60 months custody on the underlying conspiracy charge and 18 months on the failure to appear charge, to run consecutive to each other. The Court also imposed a five-year term of supervised release on the conspiracy count and a three-year term on the failure to appear count, to run concurrent, as well as a $100 fine and a $100 special assessment on each count. (Cr. C-04-cr-378, D.E. 32, Sentencing Transcript at 60-63; D.E. 23.)

McLymont timely appealed, and the Fifth Circuit affirmed his sentence and conviction in a per curiam opinion issued on February 22, 2007. (Cr. C-04-cr-378, D.E. 43, 44.) McLymont filed

a petition for writ of certiorari, which was denied.  McLymont v. United States, No. 06-11549 (S. Ct. June 25, 2007) (order denying petition for certiorari.)

McLymont then filed a motion pursuant to 28 U.S.C. § 2255 in the 2004 case, which this Court denied.  (Cr. C-04-cr-378, D.E. 46, 54-55.)  He did not appeal from that denial.

## II.  ANALYSIS

### A.  Letter Motion for Copies

In his motion for copies at government expense, McLymont indicated that he wanted the requested documents (indictments, his arrest report and discovery from his criminal cases) so that he could file a motion with the Court.  He has now filed his motion for return of property, so it is not clear that he still needs those documents.

In any event, as set forth in the next section of this order, the Court is directing the Clerk to convert McLymont's motion for return of property to a civil action, which will require McLymont to pay a filing fee or file an application to proceed *in forma pauperis*.  Once that filing fee is paid or *ifp* status is granted, the case will proceed as any civil case would. Thus, there may be a later opportunity for discovery and for McLymont to request the documents he seeks.  His motion for documents is therefore DENIED WITHOUT PREJUDICE to his ability to seek those documents at a later date in his civil case.

### B.  Motion for Return of Property

McLymont states that he is filing his motion for return of property pursuant to Fed. R. Crim. P. 41(e), but the Court construes his motion as one pursuant to Rule 41(g) instead.  Rule 41(e) was amended in December 2002, and was re-lettered as subsection (g) at that time.  See Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.

3

Rule 41(g), Fed. R. Crim. P., permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property, to file a motion for return of property. A Rule 41(g) motion filed in a criminal case that has already concluded is properly construed as a civil action for return of property. Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007); Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007); United States v. Clymore, 217 F.3d 370, 373 & n.6 (5th Cir. 2000) (citing Pena v. United States, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).[1] Such a proceeding is a suit against the United States for property or money, and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. See Bailey, 508 F.3d at 738; Clymore, 217 F.3d at 373 & n.6.

McLymont's claim that property of his was illegally seized at the time of his arrest and kept by the government is properly construed as a civil action. So construed, McLymont must comply with the Prison Litigation Reform Act (PLRA), and either pay the $350 filing fee or submit an application for leave to proceed *in forma pauperis*. Pena, 122 F.3d at 4. Additionally, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. See id.

In light of the foregoing, the following is ordered:

(1) The Clerk shall sever McLymont's motions for return of property (Cr. 02-141, D.E. 195; Cr. C-04-378, D.E. 58), and transfer the motions and this order to a civil case file, assigning a civil cause number to the proceedings. The parties shall be realigned, because defendant McLymont is the true plaintiff in this suit against defendant United States of America. ***All future pleadings related to McLymont's motion for return of property shall be filed in the civil case file only.***

---

[1] Clymore and Pena, too, both refer to subsection (e) or Rule 41. As noted, subsection (e) became subsection (g) as a result of 2002 Amendments to the Rule 41.

(2) Within thirty days of the entry of this order, McLymont shall either: (a) pay the $350 filing fee; or (b) submit a completed application to proceed *in forma pauperis*, along with a certified copy of his inmate trust account records, which must reflect the account balance, as well as the deposits and average balance for the six months preceding the filing of his motion. 28 U.S.C. § 1915. The Clerk shall mail to McLymont the appropriate forms. Failure to timely comply may result in dismissal of his cause for want of prosecution. Fed. R. Civ. P. 41.

### III.  CONCLUSION

For the foregoing reasons, McLymont's letter motion for copies (Cr. C-02-141, D.E. 194; Cr. C-04-378, D.E. 57) is DENIED WITHOUT PREJUDICE. His motion for return of property (Cr. 02-141, D.E. 195; Cr. C-04-378, D.E. 58) is hereby converted to a civil action and the Clerk and McLymont are to follow the procedures set forth in the preceding section.

It is so ORDERED this 26th day of June, 2009.

_____
Janis Graham Jack
United States District Judge